NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 2, 2021

Jaquwin Marlin
Register No. 71770-050
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232
*Pro se Defendant*

Elaine Lou, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

  **Re:** *United States v. Jaquwin Marlin*
     **Criminal Action No. 19-168 (SDW)**

Litigants:

  Before this Court is *pro se* Defendant Jaquwin Marlin's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 170.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

### DISCUSSION

A.

  Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On March 5, 2019, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. (*See* D.E. 158, 160.) On June 10, 2019, this Court sentenced Defendant to fifty-one months of imprisonment and three years of supervised release with special conditions. (D.E. 165.) Defendant is currently serving his sentence at Metropolitan Detention Center, Brooklyn ("MDC Brooklyn") in New York. (*See* D.E. 170 at 1; D.E. 171 at 2.)

Defendant filed an administrative relief request seeking compassionate release with the warden at MDC Brooklyn in December 2020, citing his obesity and anxiety. (*See* D.E. 170-3 at 11–12.) The warden denied that request on March 11, 2021. (*See* D.E. 171 at 3.) Separately, on March 2, 2021, Defendant moved this Court for compassionate release under the FSA. (D.E.

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

2

170.)[2]  The Office of the Federal Public Defender for the District of New Jersey reviewed Defendant's *pro se* motion and opted not to file an appearance. (*See* D.E. 171 at 1 n.1.) The Government opposed Defendant's motion on November 5, 2021. (D.E. 171.) As more than 30 days have passed since Defendant filed his administrative request, his motion is ripe for review.

C.

Defendant is thirty-three years old and has a body mass index (BMI) of approximately 34. (*See* D.E. 170-1 at 1; D.E. 171 at 9, Ex. A.)[3] He contends that his obesity and anxiety establish compelling and extraordinary reasons justifying his release. (*See* D.E. 170 at 1; D.E. 170-1 at 1–2.) The Centers for Disease Control and Prevention (CDC) do not identify anxiety as a COVID-19 risk factor,[4] but they do recognize that individuals with Defendant's BMI "can [be] more likely to get severely ill from COVID-19." CDC, *Medical Conditions* (last updated Oct. 14, 2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.

Although this Court is sympathetic to Defendant's concerns for his health, these concerns do not amount to "compelling and extraordinary reasons" that justify early release. *See Epstein*, 2020 WL 1808616, at *2. Defendant is fully vaccinated against COVID-19 as of about May 28, 2021. (*See* D.E. 171 at 4, Ex. A.) Thus, there is an "extremely small" likelihood that he "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see also United States v. Doostdar*, Crim. No. 18-255, 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) (denying compassionate release because defendant's "probability of becoming ill from COVID-19 [was] significantly diminished by the fact that he [] received the COVID-19 vaccine"); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and compelling reason for his release.") Furthermore, MDC Brooklyn has only five confirmed active cases of COVID-19 as of December 1, 2021 (one inmate and four staff), and the BOP continues to administer COVID-19 vaccines to its staff and inmates. (*See* D.E. 171 at 2); Federal Bureau of Prisons, *COVID-19 Coronavirus* (last updated Dec. 1, 2021), *www.bop.gov/coronavirus/*. Although Defendant's concerns regarding possible infection are understandable, his vaccination status and MDC Brooklyn's low case number should mitigate these concerns. Moreover, while Defendant may be at an increased risk of severe illness from COVID-19 because of his obesity, courts in this district have routinely denied compassionate release to inmates with similar or more serious medical conditions. *See, e.g.*, *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity but medical records showed that the BOP was "adequately managing [his] medical care"); *United States v. Falci*, Crim. No. 17-228, 2020 WL 3410914, at *4 (D.N.J. June 22, 2020) (denying motion for compassionate release where defendant suffered from obesity, hypertension, and other health issues).

---

[2] Defendant's motion is dated February 24, 2021. (D.E. 170 at 2.)

[3] Exhibit A of the Government's opposition brief contains Defendant's medical records. Accordingly, the Government did not file it on ECF and submitted it to this Court under separate cover. (*See* D.E. 171 at 4 n.3.)

[4] Defendant also alleges to suffer from depression. (D.E. 170-1 at 1.) Although depression is a risk factor for COVID-19, Defendant's medical records do not contain evidence of depression and Defendant has provided no such evidence.

Even if Defendant were unvaccinated and presented health conditions that constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. *See United States v. Horvath*, Crim. No. 15-400, 2020 WL 7074379, at *1, *3–4 (D.N.J. Dec. 3, 2020) (concluding that, while defendant's hypertension and other health issues constituted an "extraordinary and compelling" reason for release, the sentencing factors weighed against compassionate release). Defendant participated in a drug trafficking organization that sold narcotics on a daily basis for at least fifteen months. (*See* D.E. 171 at 10.) He himself sold heroin during four controlled purchases, and he has several prior narcotics convictions as well. (*See id.*) Although Defendant has served approximately two-thirds of his sentence (assuming he earns all possible good time credit), his sentence was at the lowest end of the applicable advisory Guidelines range. (*See id.* at 2, 11.) A further reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). This Court will therefore deny Defendant's motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

   /s/ Susan D. Wigenton   
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties